UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JENNIFER WRENE MARSHALL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of<br>Social Security,<br><br>Defendant. | Case No. CV414-081 |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, doc. 15. Jennifer Wrene Marshall sought judicial review of the Social Security Commissioner's denial of her Child Insurance Benefits based on disability and Supplemental Security Income (SSI). Doc. 1. It was Marshall's ultimate burden to show that she was disabled due to Asperger's syndrome, attention deficit disorder, central auditory processing disorder and the other maladies she claimed. The Magistrate Judge found sufficient record support for the Commissioner's determination that, during the relevant time period,

plaintiff suffered no impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A). Doc. 13.

Marshall's objections: (1) the ALJ failed to weigh properly the medical evidence and properly determine her Residual Functional Capacity (RFC); and (2) the ALJ failed to evaluate properly her credibility. Doc. 15. As for her first objection, she specifically challenges the conclusion that the ALJ did not err by giving "no weight" to the opinion of her treating psychologist, Dr. Patrice Butterfield. Doc. 15 at 2. To that end, the ALJ recognized a disparity between Butterfield's opinions and the GAF score[1] of 65 assigned by her treating psychiatrist, Dr. Kevin J. Winders. The Social Security

---

[1] "A GAF score is a subjective determination that represents 'the clinician's judgment of the individual's overall level of functioning.' Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed., Text Revision 2000)." *Thornton v. Comm'r, Soc. Sec. Admin*, 597 F. App'x 604, 615 n . 2 (11th Cir. 2015). It "is just one tool used by clinicians to develop the clinical picture and it cannot be used in isolation from the rest of the evidence to make a disability decision." *Penna v. Colvin*, 2015 WL 859091 at * 4 (M.D. Fla. Feb. 27, 2015). "A rating of 51–60 reflects '[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g, few friends, conflicts with peers or co-workers') Diagnostic and Statistical Manual of Mental Disorders, (DSM–IV–TR) (4th ed., Text Revision), p. 34." *Id.* at* 10 n. 4. "[A] GAF of between 61 to 70 represents mild symptoms." *Dobson v. Colvin*, 2014 WL 6432855 at * 6 (N.D. Ala. Nov. 14, 2014).

Administration, Marshall points out, has "specifically stated that GAF scores are not indicative of any particular severity of mental functioning." *Id.*

It is true that the utility of GAF scores have been questioned. *See Hadley v. Colvin*, 2015 WL 451072 at * 3 (M.D. Fla. Feb. 3, 2015).

> Nevertheless, GAF scores are routinely used by "mental health physicians and doctors ... to rate the occupational, psychological, and social functioning of adults." *See McCloud v. Barnhart*, 166 F. App'x 410, 413 n. 2 (11th Cir. 2006) (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (Text Revision, 4th ed. 2000)). Further, an ALJ must consider all materially relevant evidence and "state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279–80 (11th Cir.1987); see also 20 C.F.R. § 404.1520(a)(3) ( "We will consider all evidence in your case record when we make a determination or decision whether you are disabled."). Therefore, while a GAF score may not reveal specific functional limitations, it is often accompanied by a description of a plaintiff's specific symptoms and may be useful in determining how a given medical source viewed a plaintiff's broader mental functionality at a given moment in time. Indeed, the Eleventh Circuit has held that an ALJ may not simply ignore GAF scores in the medical record when they indicate serious symptoms. *See McCloud v. Barnhart*, 166 F. App'x 410, 413 n. 2 (11th Cir.2006).

*Id.*

The flip side of *McCloud*, and cases like *Thornton*, 597 F. App'x at 615 (such scores do not necessarily reflect a person's ability to do work),

3

is that the ALJ may still consider GAF scores -- though certainly not standing alone[2] -- when they may be useful in determining individual functioning. Hence, the ALJ properly relied on the GAF scores here while weighing record evidence to determine the plaintiff's RFC. And, as the Commissioner correctly points out, the ALJ properly rejected Butterfield's opinion while doing so. Doc. 16 at 3-4. Marshall's remaining objection is simply evidence-reweighing in disguise (she and even this Court may disagree with the result, but so long as substantial evidence supports the weighed result, this Court must uphold it).

The Court therefore **OVERRULES** Marshall's objection (doc. 15) to the Report and Recommendation and this case is **DISMISSED WITH PREJUDICE**.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of August, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "Courts in this circuit have noted that a GAF score is not an assessment of a claimant's ability to work, but a global reference scale to aid in the treatment of an ongoing condition." *Garrard v. Colvin,* 2014 WL 6972120 at * 6 (N.D. Ala. Dec. 9, 2014) (quotes and cite omitted).